IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. WHITE, | : |
|     Plaintiff, | :   Case No. 2:18-cv-409 |
| v. | :   JUDGE ALGENON L. MARBLEY |
| BUREAU OF WORKERS' COMPENSATION, et al. | :   Magistrate Judge Vascura |
|     Defendants. | : |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's Order (ECF No. 3). Upon independent review by the Court, and for the reasons set forth below, Plaintiff's Objection (ECF No. 3) is hereby **OVERRULED** and the Magistrate Judge's Order (ECF No. 2) is **AFFIRMED**.

**I.  BACKGROUND**

On April 27, 2018, Plaintiff Robert E. White filed a Complaint against the Bureau of Workers' Compensation, OCSEA/AFSCME Local 11 and the State of Ohio, and the Labor Relations Board of Review. (ECF No. 1). In conjunction with filing his Complaint, Mr. White did not pay a filing fee, nor did he submit an application to proceed in forma pauperis. On May 1, 2018, the Magistrate Judge issued an Order requiring Mr. White to pay the requisite $400 filing fee within twenty-one days, or alternatively, submit an application to proceed in forma pauperis. (ECF No. 2). The Magistrate Judge cautioned Mr. White that failure to comply with the Order would result in dismissal of the litigation. (*Id.*). Mr. White filed the instant Objection to the Magistrate Judge's Order on May 7, 2018. (ECF No. 3).

## II. LAW AND ANALYSIS

Under Rule 72(a), a party who timely objects to a magistrate judge's order may request the presiding district judge to reconsider such order. Fed. R. Civ. P. 72(a). Factual findings are subject to a "clearly erroneous" standard, while legal conclusions are reviewed under the more lenient "contrary to law" standard. *United States v. Hunter*, No. 3:06-CR-061, 2013 WL 5820251, at *1 (S.D. Ohio Oct. 29, 2013). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law. *Id.*

Here, the Magistrate Judge's Order is neither clearly erroneous nor contrary to law. Mr. White states that he "objects to the ORDER for dismissal on this subject matter" (ECF No. 3 at 3), but he appears to have misinterpreted the Magistrate Judge's Order: the Magistrate Judge did not order dismissal of the instant action at this time, but instead cautioned that the action will be dismissed if Mr. White does not either (1) pay the $400 filing fee; or (2) file an application to proceed in forma pauperis under 28 U.S.C. § 1915. The Magistrate Judge correctly concluded that Mr. White must do one of those two options in order to proceed. Therefore, the Court **AFFIRMS** the Magistrate Judge's Order (ECF No. 2), and will allow Mr. White an additional **TWENTY-ONE (21) DAYS** from the date of this Order to pay the filing fee or file an application to proceed in forma pauperis.

## III. CONCLUSION

For these reasons, Plaintiff's Objection (ECF No. 3) is hereby **OVERRULED** and the Court **AFFIRMS** the Magistrate Judge's Order (ECF No. 2). Mr. White is hereby **ORDERED** to either (1) pay the requisite $400 filing fee within **TWENTY-ONE (21) DAYS** from the date of this Order; **or** (2) file an application to proceed in forma pauperis under 28 U.S.C. § 1915 within **TWENTY-ONE (21) DAYS** from the date of this Order. Failure to do either of these alternate options will result in dismissal of this case.

**IT IS SO ORDERED.**

                                            <u>**/s/ Algenon L. Marbley**</u>
                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**DATED: May 23, 2018**